UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| YOLANDA NARVAEZ, | Civil Action No.: |
| Plaintiff, | |
| -against- | **CLASS ACTION COMPLAINT** |
| NCO FINANCIAL SYSTEMS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

------------------------------------------------------------------X

Plaintiff, YOLANDA NARVAEZ ("Plaintiff"), by and through her attorneys, Edward B. Geller, Esq., P.C., Of Counsel to M. Harvey Rephen & Associates, P.C., as and for her Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff YOLANDA NARVAEZ is a resident of the State of New York, residing at 5 Somerville Street, Brentwood, New York 11717.

3. Defendant NCO FINANCIAL SYSTEMS, INC. is a company engaged in the business of debt collection with an office located at 4740 Baxter Road, Virginia Beach, VA 23462.

4.     Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or

letters/communications from Defendant, which violate various provisions of the FDCPA.

11.     The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant,

Defendant began its campaign of communications with the Plaintiff in or around June, 2014 by writing to Plaintiff.

24. Defendant's notice dated June 26, 2014 was mass-produced and designed to be sent to multiple consumers as it featured neither greeting nor signature and utilized parenthetical references for singular and/or plural, stating: "We have previously notified you about the above-referenced account(s) which remain(s) unpaid. A credit reporting agency has indicated that an inquiry has been made on your credit report. We hope that you are in a better position to pay the above account(s). To assure proper credit, please return the bottom portion of this letter, or a copy thereof, with your payment. Mail payment to the address listed below."

25. On September 15, 2014, Plaintiff placed a telephone call to the number provided in Defendant's notice of 866-302-7429, and was connected to a male representative of Defendant who did not identify himself.

26. Plaintiff asked this representative for information about the subject account, specifically whether it was reported to credit bureaus to be reflected on her credit report. Defendant's representative replied, "It might be." The call thereafter concluded.

### FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

29. Defendant is in violation of 15 USC §1692 e –preface by disseminating mass-produced debt collection notices to consumers claiming: "A credit reporting agency has indicated that an inquiry has been made on your credit report," and thereafter asking the consumer to include a copy of Defendant's letter with their payment "to assure proper credit." Defendant's writing to state that inquiries on the consumer's credit report have been made is an irrelevant piece of information included only to imply to the consumers who receive said notices that their credit record is in danger of being adversely affected if they fail to send the payment Defendant is requesting. Additionally, Defendant's directing the consumer to take a certain action "to assure proper credit," also has similar implications since "proper credit" might be interpreted two ways, (1) to assure proper acknowledgement, or (2) to assure a proper reflection of one's credit. To that end, Defendant does not specify what constitutes "proper." Along the same lines, Defendant's male agent with whom Plaintiff conversed on September 15, 2014, replied to Plaintiff's question about whether the subject debt was on her credit report by stating, "Yes, it might be," when in fact, it was not. By training or instruction, Defendant's agents are clearly encouraged to suggest falsely and deceptively that a consumer's credit is in jeopardy to compel payment. By stating that "a credit reporting agency has indicated that an inquiry has been made," followed by a demand for payment, Defendant clearly intends that consumers will connect the dots in their favor, assuming that such unexplained information means that their credit rating will be adversely affected if payment is not made.

30. Pursuant to the terms of 15 USC §1692 f-preface, the debt collector is prohibited from using any unfair or unconscionable means to collect a debt.

31. Defendant violates 15 USC §1692 f – preface by designing and

distributing mass-produced notices to consumers which unfairly, unconscionably and dishonestly insert language meant to intimidate and cause distress and concern in order to compel payment. Defendant deceptively infers that a recent inquiry was made on the consumer's credit report by a "credit reporting agency" and unfairly fails to state which credit reporting agency made said inquiry and when. Further, Defendant reprehensively trains, instructs and/or sanctions agents such as the individual with whom Plaintiff conversed on September 15, 2014, to claim falsely that a consumer's debt may have been credit reported. Defendant's efforts to surreptitiously threaten consumers with such representations and erroneous references to their credit constitutes unfair and unconscionable collection practices. Further, in Defendant's mass-produced notice, Defendant unfairly failed to include language mandated pursuant to <u>USA v. Expert Global Solutions Inc. et al.</u>, case number 3:13-cv-2611, in the U.S. District Court for the Northern District of Texas and subsequent Stipulated Order for Permanent Injunction and Monetary Judgment, Expert Global Solutions, f/k/a NCO Group, Inc. NCO Financial Systems, Inc. and Transworld Systems, Inc. are obligated as of July 13, 2013 for a period of 5 years to make the following disclosures on each written collection communication that is sent to a debtor for the purpose of collecting on debt:

"Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at www.ncogroup.com (or applicable corporate website) or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov."

## SECOND CAUSE OF ACTION
### (Violations of the Dodd-Frank Act)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. According to the Consumer Financial Protection Bureau Bulletin 2013-07, "Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd- Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act." The CFPB Bulletin 2013-07, Section "C" defines unfair and abusive practices to include the misrepresentation about whether information about a payment or non-payment would be furnished to a credit reporting agency.

34. Defendant violates the Dodd-Frank Act Section "C" by communicating in writing to consumers unfairly and deceptively that: "A credit reporting agency has indicated that an inquiry has been made on your credit report," a statement with no other purpose in Defendant's letter but to threaten, thereby misrepresenting that consumer recipients' credit will be damaged if they do not send payment to Defendant.

35. As a result of Defendant's violations of the FDCPA and the Dodd-Frank Act, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
             November 5, 2014

Respectfully submitted,

*[signature]*

M. HARVEY REPHEN & ASSOCIATES, P.C. by
EDWARD B. GELLER, ESQ., P.C., Of Counsel
(eg9763)
15 Landing Way
Bronx, New York 10464
Phone:    (914)473-6783

*Attorney for the Plaintiff* YOLANDA NARVAEZ

To:  NCO Financial Systems, Inc.
     4740 Baxter Road
     Virginia Beach, VA 23462

     *(Via Prescribed Service)*

     Clerk,
     United States District Court, Eastern District of New York
     *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

YOLANDA NARVAEZ,

                Plaintiff,

-against-

NCO FINANCIAL SYSTEMS, INC.,

                Defendant(s).

---

**CLASS ACTION COMPLAINT**

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
By Edward B. Geller, Esq., P.C., Of Counsel
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

---